JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01989-DOC-MAR            Date: January 24, 2023

Title: KEITH MCCABE V. CANON SOLUTIONS AMERICA, INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO REMAND [13] AND DENYING MOTION TO DISMISS [15] AS MOOT**

Before the Court is Plaintiff's motion to remand this case back to the Superior Court of California, County of Los Angeles ("Motion" or "Mot.") (Dkt. 13). On November 28, 2022, Defendant opposed the Motion. ("Opposition" or "Opp'n") (Dkt. 18). On December 2, 2022, Plaintiff filed a reply ("Reply") (Dkt. 19). The Court heard oral arguments on January 23, 2023. Having considered the parties' briefing and arguments, the Court hereby GRANTS the Motion and REMANDS this case to the Superior Court of California, County of Los Angeles. Accordingly, Defendant's Motion to Dismiss (Dkt. 15) is DENIED AS MOOT.

     **I.**      **Background**

     **A.**      **Facts**

The following facts are drawn from Plaintiff Keith McCabe's ("Plaintiff") Complaint (Dkt. 1-1). This action concerns Plaintiff's employment with Defendant Canon Solutions America, Inc. Defendant Robb Gonka was Plaintiff's direct supervisor during Plaintiff's employment. Complaint ¶ 19. In April 2017, Plaintiff complained to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01989-DOC-MAR　　　　　　　　　　　　　　　　　　Date: January 24, 2023
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

Defendant's human resources personnel that his manager, co-defendant Gonka had sexually harassed him by touching him inappropriately. *Id*. ¶ 22. Plaintiff further alleges that Gonka called him "honey" or "sexy," and also discussed "strippers, hookers, open strip clubs, and pole dancing." *Id*. According to Plaintiff, Defendant Gonka began retaliating against Plaintiff by mistreating Plaintiff and adversely interfering with Plaintiff's sale, creating a hostile work environment, and terminated Plaintiff in July 2022. *Id*. ¶¶ 22-38.

### B.     Procedural History

Plaintiff filed this action in the Superior Court for the Los Angeles County on or about September 15, 2022. See generally Complaint (Dkt. 1-1). Plaintiff served Defendant Canon Solutions America, Inc. ("Defendant") with the complaint on or about September 28, 2022. Declaration of Armen Zenjiryan ("Zenjiryan Decl.") (Dkt. 14), ¶ 2. On October 28, 2022, Defendant removed the case to this Court, contending that the non-diverse defendant Rob Gonka was fraudulently joined. Plaintiff filed a motion to remand on November 16, 2022 ("Motion" or "Mot.") (Dkt. 13). Defendant opposed on November 28, 2022 ("Opposition" or "Opp'n") (Dkt. 18). Plaintiff filed a reply on December 2, 2022 ("Reply") (Dkt. 19). The Court heard oral arguments on January 23, 2023.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01989-DOC-MAR                                                Date: January 24, 2023
                                                                                                            Page 3

federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

      There is an "exception to the requirement of complete diversity . . . where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Fraudulent joinder is established the second way if a defendant shows that an "individual[ ] joined in the action cannot be liable on any theory." *Grancare*, 889 F.3d at 548 (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (internal quotation mark and citation omitted). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a *heavy burden* since there is a general presumption against [finding] fraudulent joinder." *Id.* (emphasis added) (internal quotation marks and citation omitted).

### III.   Discussion

      Defendant contends that because Plaintiff did not describe specific incidents of harassment by Gonka that occurred within the three years prior to his administrative complaint, Gonka is fraudulently joined. Notice of Removal at 5-7. Defendant further argues that Gonka's actions were simply managerial actions and not sufficiently severe or pervasive so as to create a hostile work environment. *Id.* at 7-10. Plaintiff argues that, based on the allegations in the Complaint, a court might *possibly* find that Plaintiff stated a claim under the California Fair Employment and Housing Act. Mot. at 7. As such, Plaintiff contends that Gonka is not a sham defendant and the Court lacks diversity jurisdiction over this action. The Court agrees.

      In California, a plaintiff who brings a claim under the California Fair Employment and Housing Act ("FEHA") "may establish a supervisor's liability for harassment by providing evidence of hostile social interactions along with supplemental evidence of official employment actions that reinforce an underlying hostile message." *oby v. McKesson Corp.*, 47 Cal. 4th 686, 709, 219 P.3d 749, 763 (2009). Thus, a plaintiff may state a claim for FEHA harassment based in part on timely allegations of unlawful termination. *See Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1112 (9th Cir. 2018) ("[T]he entire time period of the hostile environment may be considered by a court for the purposes of determining liability so long as at least one act contributing to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01989-DOC-MAR                                                Date: January 24, 2023
                                                                                                  Page 4

claim occurs within the filing period."); *see also Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 819 (2001) (FEHA statute of limitations should be interpreted liberally to "promote the resolution of potentially meritorious claims on the merits." (quoting *Romano v. Rockwell Internal, Inc.*, 14 Cal. 4th 479, 493-94 (1996)).

Here, there is a possibility that a court will find that Plaintiff has adequately stated a claim against Gonka for harassment in the years following Plaintiff's complaint in 2017. *See Roby*, 47 Cal. 4th at 709 ("[H]arassment refers to bias that is expressed or communicated through interpersonal relations in the workplace."). Moreover, it is possible that Defendant Gonka's actions in 2017 could be found timely under California's continuing violations doctrine, which "allows liability for unlawful employer conduct occurring outside the statute of limitations if it is sufficiently connected to unlawful conduct within the limitations period." *Birschtein v. New United Motor Mfg., Inc.*, 92 Cal. App. 4th 994, 1003, 112 Cal. Rptr. 2d 347, 354 (2001).

Defendant thus fails to meet the "heavy burden" of proving that there is no possibility that Gonka would face liability. *See Grancare, 889 F.3d at 548; see also Reynolds v. Boeing*, No. 2:15-CV-2846-SVW-AS, 2015 WL 4573009, at *6 (C.D. Cal. July 28, 2015) (remanding case because defendant failed "to prove by clear and convincing evidence that there was no possibility" the non-diverse defendant would face liability).

Accordingly, the Court lacks diversity jurisdiction over this action and GRANTS the Motion to remand the matter to state court.

## IV.     Disposition

For the reasons set forth above, the Court hereby **GRANTS** the Motion and **REMANDS** this case to the Superior Court of Orange County, California. Defendant's Motion to Dismiss (Dkt. 15) is DENIED AS MOOT.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                        Initials of Deputy Clerk: kd

CIVIL-GEN